IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL JOEL ROZIER, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-350 (MTT) |
| STATE OF GEORGIA, *et al.*, | ) |
| Defendants. | ) |

## ORDER OF REMAND

On August 20, 2025, Michael Rozier filed a Notice of Removal and an original civil complaint. ECF 1; 2. He did not pay the filing fee for his complaint or move to proceed *in forma pauperis*. ECF 2. The next day he filed an Amended Notice of Removal[1] and a "Notice of Opposition to Remand." ECF 3; 4. He appears to be seeking to remove three pending criminal actions against him in the State Court of Treutlen County, Georgia, Case Nos. 24-SC-4175, 24-SC-4176, and 24-SC-4177. *Id*. Defendants Paul Calhoun and Judge James C. Garner filed a motion to remand on November 3, 2025. ECF 11.

When a notice of removal of a state court criminal action is filed, the Court must "examine the notice promptly … [and] [i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make

---

[1] The Amended Notice of Removal "clarif[ies] that the underlying case was pending in the State Court of Treutlen County, Georgia, not the Superior Court. All other allegations and grounds for removal remain unchanged." ECF 3-2 at 1.

an order for summary remand." 28 U.S.C. § 1455(b)(4); see also Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte …"). 28 U.S.C. § 1443(1) allows for the removal of a state court proceeding "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." A defendant seeking removal under § 1443(1) must show (1) that "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal [right] in the courts of the State." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quotations omitted). A state-court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" is not a valid ground for § 1443(1) removal. Id.

Under the first prong, Rozier fails to allege any facts to support a claim that he is being deprived of a specific civil right stated in terms of racial equality. Instead, Rozier's Notice of Removal simply asserts federal question jurisdiction under 28 U.S.C. § 1331 claiming that his "First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment[]" rights were violated. ECF 3 at 1. 28 U.S.C. But § 1331 applies only to the removal of civil actions and is inapplicable here. And to the extent Rozier premises removal on the presence of counterclaims or defenses to his prosecution based on federal law, that is not a basis for removal to federal court. See In re Fischer, 2019 U.S. Dist. LEXIS 120784, at *3 n.4, 2019 WL 3281127, at *2 n.4 (E.D.N.Y. July 18, 2019) (defendant

charged with traffic infraction could not premise removal on defenses or counterclaims based on federal law).

Under the second prong, Rozier fails to show that he has been denied or cannot enforce any specific civil right in the State Court of Treutlen County. "Generally, the denial of the petitioner's equal civil rights must be 'manifest in the formal expression of state law.'" *Alabama v. Conley*, 245 F.3d 1292, 1295, 1296 (11th Cir. 2001) (quoting *Georgia v. Rachel*, 384 U.S. 780, 803 (1966)). Rozier points to no state legislative or constitutional provision that denies or prevents him from enforcing his civil rights, nor does he show how "the very act" of prosecuting him necessarily violates his federally protected rights. *Conley*, 245 F.3d at 1299. He argues in his response to the defendants' motion to remand that "Georgia's continued prosecution despite Plaintiff's protected status as an Indigenous person demonstrates the state's inability to protect federal rights." ECF 18 at 2. But "[i]t is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). Rozier's criminal charges arise from traffic citations for speeding, driving without a license, and driving without insurance. ECF 3-4 at 6-10. Enforcing such laws does not deny Rozier's equal civil rights. Thus, Rozier has failed to provide adequate substantive grounds for removal under 28 U.S.C. § 1443(1).

Accordingly, this Court lacks removal jurisdiction, the defendants' motion to remand (ECF 11) is **GRANTED**, and this action is **REMANDED**.[2] The Clerk of Court is **DIRECTED** to close this case and transmit a certified copy of this Order of Remand to the State Court of Treutlen County, Case Nos. 24-SC-4175, 24-SC-4176, and 24-SC-4177.

**SO ORDERED**, this 17th day of November, 2025.

                                          S/ Marc T. Treadwell
                                          MARC T. TREADWELL, JUDGE
                                          UNITED STATES DISTRICT COURT

---

[2] Rozier's miscellaneous motions (ECF 9; 10; 16) and the defendants' motion to dismiss (ECF 12) and motion to transfer (ECF 13) are **TERMINATED as moot.** The defendants' perfunctory request for attorney fees incurred in connection with the removal (ECF 11 at 6) is **DENIED.**

If Rozier wishes to assert 42 U.S.C. § 1983 claims in this Court, he must file a new action and pay the filing fee or move to proceed IFP. *See* ECF 19 at 1 (asserting "this is a standalone civil rights action filed pursuant to 42 U.S.C. § 1983").