IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MICHAEL JOEL ROZIER,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**STATE OF GEORGIA,** *et al.*, )<br>)<br>)<br>**Defendants.** )<br>_____) | CIVIL ACTION NO. 5:25-cv-350 (MTT) |

## ORDER

Michael Rozier moves the Court to reconsider its Order granting the Defendants' motion to remand (ECF 20). ECF 22. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Rozier's motion for reconsideration doubles down on sovereign citizen theories vaguely asserted in his earlier filings. *See, e.g.,* ECF 18. He claims that "the State of Georgia lacks all jurisdiction over an Indigenous man on land that has never been lawfully ceded by his ancestors," and that he is a "sovereign individual, not a 'Fourteenth Amendment citizen' subject to the State's unlimited regulatory power." ECF 22 at 1-2. Rozier's arguments are indisputably meritless. *See Mackey v. Bureau of Prisons*, 2016 U.S. Dist. LEXIS 77403, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (noting that "[c]ourts across the country" have rejected sovereign citizen arguments "as frivolous, irrational, or unintelligible"). Moreover, "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

Rozier has failed to establish any circumstances—much less extraordinary ones—supporting reconsideration. Accordingly, his motion for reconsideration (ECF 22) is **DENIED**.

**SO ORDERED**, this 14th day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
